(8 Misc. Rep. 428.)

FLANDREAU v. ELSWORTH.

(Superior Court of New York City, General Term.  May 7, 1894.)

TRIAL—DIRECTION OF VERDICT SUBJECT TO OPINION OF COURT.
    A direction of a verdict subject to the opinion of the court at general term is improper, and constitutes a mistrial, where there are exceptions on either side to the admission or rejection of evidence.

Action by Frank Flandreau against Philip Elsworth. A judgment was directed in favor of plaintiff, subject to the opinion of the court at general term, and plaintiff now moves for a judgment on the verdict. Denied.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Mooney & Shipman, for plaintiff.

Turner, McClure & Rolston, for defendant.

FREEDMAN, J. At the trial a verdict was directed in favor of the plaintiff, subject to the opinion of the court at general term. Such a direction is proper only where, upon the trial, an uncontroverted state of facts is presented, involving only questions of law, and there are no exceptions on either side to the reception or rejection of evidence. If there are exceptions, and the unsuccessful party desires to move upon them for a new trial, at the general term in the first instance, he must apply for and obtain from the trial judge an order that such motion upon said exceptions be heard in the first instance at general term, and that the entry of judgment be suspended until the decision of the general term. A confounding of the two remedies was always held to be a mistrial, and ground for a new trial. It was so before the Code of Civil Procedure (Mason v. Breslin, 32 N. Y. Super. Ct. 386); and the said Code has not changed the practice (Westervelt v. Westervelt, 46 N. Y. Super. Ct. 298). The two cases cited contain such a full discussion of this subject that a bare reference to them is sufficient for present purposes.

The case before us contains exceptions by both parties to the admission of evidence, and exceptions by the defendant to the denials of two separate motions for a dismissal of the complaint, to the refusal to direct a verdict for the defendant, and to the direction of a verdict in plaintiff's favor. Under these circumstances, the direction of a verdict subject to the opinion of the court at general term was a mistrial. The verdict should be set aside, and a new trial ordered, with costs to the party finally prevailing in the action, unless the parties have the record corrected by striking from the case all the exceptions. If such correction be made, the cause may be noticed upon the record as corrected for argument at the next general term.